

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LEE P. ABRAMS, et al                                                    PLAINTIFFS

vs.                                              Civil Action No. 2:05cv119 KS-JMR

ZURN INDUSTRIES, INC. and
JOHN & JANE DOES 1-200                                          DEFENDANTS

---

# COMPLAINT

---

### JURY TRIAL REQUESTED

COMES NOW the Plaintiffs, LEE P. ABRAMS, et al, and file this their Complaint against Defendants, ZURN INDUSTRIES, INC. and John & Jane Does 1-200, Defendants and in support thereof shows unto the Court as follows:

### PARTIES

1.    Plaintiff, Lee P. Abrams is an adult resident citizen of Forrest County, Mississippi. Plaintiffs are identified as Exhibit "A", attached hereto.

2.    The Defendant, Zurn Industries, Inc., or its successors in interest to such corporation, is a foreign corporation registered with the Mississippi Secretary of State's office who had either obtained certificates of authority to transact business in Mississippi pursuant to §79-4-15.01, Mississippi Code of 1972, or who transacted business in Mississippi without a certificate of authority, but within the contemplation of §13-3-57 of said Code and may be served through its agent for service of process as listed with the Mississippi Secretary of State, namely,

1

C.T. Corporation, 645 Lakeland East Dr. Ste 101, Flowood, MS 39232.

3.     Defendants John & Jane Does 1-200 are corporations, individuals, partnerships, associations or other entities whose identities are unknown to the Plaintiffs at present but who are responsible for negligent acts and/or omissions that contributed to Plaintiffs' injuries.  Plaintiffs aver that they should be allowed to amend this Complaint to include the correct identity of such corporations, individuals, partnerships, associations or other entities as Defendants herein at such time as the same may be ascertained by Plaintiffs and they hereby respectfully request leave of the Court to do so.

4.     The Plaintiffs have joined together in this action pursuant to Rule 20(a) of the Mississippi Rules of Civil Procedure in that they assert the right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences, and there are questions of law or fact common to all that will arise in this action.

## BACKGROUND

5.     During all or part of the period from 1930 through the present ("the exposure period") the Defendants mined, designed, evaluated, manufactured, packaged, furnished, supplied and/or sold adhesives, construction materials, insulation, fiber or other products, that each contained fibrous, incombustible, chemical-resistant, mineral substances commonly called "asbestos," or other substances such as diatomaceous earth, or materially assisted and/or aided and abetted others in so doing, which substances were used in the construction and repair of manufacturing plants and equipment.  All references to "asbestos" in this Complaint shall mean and be limited to the Defendants' products described in this paragraph.

6.      During all or part of the "exposure period," the Plaintiffs worked at or in close proximity to such plants and equipment in Mississippi, such that each was exposed to the Defendants' asbestos.

7.      When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself in lung disease, asbestosis, mesothelioma, pulmonary and broncho-genic carcinoma, and cardiac disease, among other diseases and injuries.

8.      The Defendants knew or should have known through industry and medical studies, the existence of which was unknown to Plaintiffs of the health hazards to Plaintiffs inherent in the asbestos-containing products prepared, supplied, and sold for use in Mississippi.  Instead of warning the Plaintiffs, other intended users, and the general public about these dangers, the Defendants ignored or actively and fraudulently concealed such information, or condoned such concealment, and commanded, directed, advised, encouraged, aided, abetted, or conspired with others or each other in so doing in order to sell asbestos and avoid litigation by those who were injured from asbestos inhalation.  Said actions or inactions constitute gross negligence and show a callous disregard for the rights and safety of the Plaintiffs and others giving rise to the imposition of punitive damages against the Defendants herein.

9.      In connection with their work or their household members' work during the exposure period, the Plaintiffs were exposed to and inhaled or otherwise ingested significant quantities of such asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

10.     As a direct and proximate contributing result of having inhaled, ingested or otherwise being exposed to asbestos during the exposure period, the Plaintiffs have received injuries, both physically and mentally including, without limitation, one or more of the following conditions:

3

a.   Asbestosis
b.   Pulmonary or Bronchogenic Carcinoma
c.   Mesothelioma
d.   Impaired Pulmonary Capacity
e.   Reduced Lung Volume
f.   Pleural Plaques
g.   Interstitial Lung Fibrosis
h.   Cardiac and Circulatory Disease
i.   Increased susceptibility to one of the foregoing diseases and other illnesses
j.   Physical and mental anguish associated with one or more of the preceding
     conditions
k.   Death

11.     Plaintiffs further charge that as a direct and proximate result of having inhaled, ingested or otherwise being exposed to asbestos, they have received permanent and painful injuries. Plaintiffs would further show that they or their decedents have suffered physical and mental pain and anguish, loss of wages, loss of wage earning capacity and will continue to sustain damages of the above type in the future including, but not limited to, physical and mental pain and anguish, disability, further medical expenses and loss of the enjoyment of life.

12.     Because of the latency period of the above asbestos injuries and because of the active concealment by the Defendants of the causes and effects of exposure to asbestos, the Plaintiffs have only recently discovered their injuries.

### COUNT ONE

#### Strict Liability

13.     Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint.

14.     The Defendants and/or their predecessor entities were engaged in, or materially participated in, or aided and abetted in the business of selling asbestos and materials containing asbestos which were expected to and did reach the various work sites, plants and equipment in

4

Mississippi, without substantial change in the condition in which they were sold, where said products released asbestos fibers which were inhaled and ingested by the Plaintiffs in connection with their, or members of their household's work.

15.     The asbestos was in a defective condition unreasonably dangerous to the Plaintiffs who were the intended and foreseeable users or bystanders of the asbestos.  These defects included, without limitation, the following:

   a.      Inherent and known properties common to the asbestos sold by the Defendants that created unreasonably high potential for causing respiratory diseases, cancer and other health problems to workers or members of such workers' households who would be exposed to asbestos.

   b.      Lack of warnings or lack of sufficient warnings by the Defendants of the inherently dangerous properties of asbestos when used for the purpose for which it was manufactured and sold.

   c.      Lack of instructions or lack of sufficient instructions by the Defendants for eliminating or minimizing the health risks inherent in the use of asbestos.

   d.      Lack of reasonable inspections by the Defendants of their asbestos products to ensure that such asbestos products contained sufficient warnings of the dangerous properties of asbestos.

   e.      Lack of reasonable inspections by the Defendants of its asbestos products to ensure that such asbestos products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of asbestos.

   f.      Lack of tests or lack of sufficient tests by the Defendants to determine the harmful effects of asbestos on intended users and bystanders.

   g.      Defective designs by the Defendants calling for the inclusion of asbestos in products that did not require asbestos, and where alternate, equally suitable substances were available.

   h.      Lack of warnings or lack of sufficient warnings by the Defendants upon its discovering the full extent of the dangers presented by asbestos-containing materials and products.

5

16.     The Defendant knew or should have known that the Plaintiffs would be exposed to its asbestos products without inspection of the medical literature by the Plaintiffs on the adverse health effects of asbestos.  By marketing the asbestos-containing products without warning of the dangerous characteristics of the products, the Defendant represented to the Plaintiffs and the public, who justifiably relied thereon, that the asbestos was not dangerous.

17.     The defective conditions of the Defendants' asbestos products proximately caused or contributed to the Plaintiffs' injuries and damages as described in this Complaint.

18.     Defendant's actions were performed intentionally or with disregard for the health and safety of Plaintiffs.

WHEREFORE, the Plaintiffs each demand judgment against the Defendants for compensatory damages in the amount of Five Million ($5,000,000.00) Dollars and punitive damages against the Defendants in the amount of Fifty Million ($50,000,000.00) Dollars.

## COUNT TWO

### Negligence

19.     Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint.

20.     The Defendants had, but breached, a duty to the Plaintiffs to exercise the highest standard of care in designing, testing, manufacturing, marketing, and selling asbestos which is an extraordinarily and inherently dangerous substance.  The breached duties included, without limitation, the duty:

      a.     To select types of asbestos or alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of asbestos.

      b.     To warn adequately of the extraordinary health hazards known by the

Defendants to be associated with asbestos use.

c.   To instruct adequately in methods of using asbestos that would reduce the danger of inhalation or ingestion of asbestos dust.

d.   To test adequately the asbestos products to determine the dangers concomitant with their use.

e.   To remove the asbestos products from the stream of commerce upon discovering their dangerous properties.

f.   To inspect the asbestos products for adequate warnings and instructions.

21.   As a direct and proximate result of the Defendant's aforesaid breaches of its duties to Plaintiffs, the Plaintiffs or Plaintiffs' decedents have sustained the injuries and damages described in Paragraph 10 hereinabove.

22.   In breaching or materially assisting others in breaching its duties to the Plaintiffs or Plaintiffs' decedents, as described above, the Defendants acted intentionally, with gross negligence recklessly, maliciously and wantonly in that the Defendants knew or should have known through data available exclusively to it that asbestos was inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants and that each of its aforesaid breaches of duty would result in the injuries suffered by Plaintiffs.

WHEREFORE, the Plaintiffs each demand judgment against the Defendants for both compensatory damages in the amount of Five Million ($5,000,000.00) Dollars and punitive damages in the amount of Fifty Million ($50,000.000.00) Dollars.

7

## COUNT THREE

### Fraudulent Concealment/Misrepresentation/
### Alteration of Medical Studies/Conspiracy

23.     Plaintiffs re-allege and incorporate the foregoing allegations for this Complaint.

24.     The Defendants' grossly negligent conduct evidences a willful, wanton and reckless disregard for the safety of the Plaintiffs and others, thus entitling the Plaintiffs to punitive damages.

25.     The Defendant acted willfully, maliciously and with reckless disregard for the safety of the Plaintiffs by intentionally engaging in a cover-up to hide the adverse health effects of exposure to asbestos containing products once that danger was known and/or apparent to Defendants.

WHEREFORE, the Plaintiffs each demand judgment against the Defendant for both compensatory damages in the amount of Five Million ($5,000,000.00) Dollars and punitive damages in the amount of Fifty Million ($50,000.000.00) Dollars.

## COUNT FOUR

### Damages

26.     As a direct and proximate result of all the Defendants' breaches of its duties to the Plaintiffs as delineated in all counts above, the Plaintiffs have sustained the asbestos related injuries, diseases, illnesses and/or conditions set forth above along with pain and suffering, the undergoing and continuous undergoing of medical treatment, medical expenses, along with past, present and future disability, impairment of wage earning capacity, lost wages, and a diminution in quality and enjoyment of life, which includes mental anguish, fear and severe emotional distress associated with

8

knowing that there is no cure for these diseases and illnesses.

27.     In breaching their duties to the Plaintiffs as described above, the Defendants have acted intentionally, with gross negligence, recklessly, maliciously or wantonly in that the Defendants knew or should have known through data available to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended or foreseen by the Defendants, and that the aforesaid breaches of duty would result in the complained of injuries and damages to the Plaintiffs, thus entitling the Plaintiffs to recover punitive or exemplary damages for the Defendant's outrageous conduct as set forth herein.

28.     Plaintiffs in this action do not assert any claims for, do not seek damages for, and disclaim recovery for any injuries, if any, arising out of exposure to asbestos containing products, designed, manufactured, distributed, sold, or marketed by or any actions or inactions of Asbestos Corp., Ltd., Atlas Turner, Inc., Lac D'Amiante du Quebec, Les Lines D'Amianta Bell, Ltd. and/or Societe Miniere Mazarin, Inc.   To the extent Plaintiffs have been exposed to such asbestos containing products, if at all, Plaintiffs hereby waive their right to recover damages for such injuries.

29.     Should any verdict in this case assign responsibility in whole or in part for any or all Plaintiffs' injuries or damages to the entities of Asbestos Corp., Ltd., Atlas Turner, Inc., Lac D'Amiante du Quebec, Les Lines D'Amianta Bell, Ltd. and/or Societe Miniere Mazarin, Inc., and if such verdict be upheld upon proper post judgment motion, Plaintiffs hereby waive, and will remit and release, that portion of their damages.  Plaintiffs seek and will seek the entry of a final judgment in this action against Defendant that awards them only that portion of their damages assigned by the jury and Court to the named Defendant.

30.     Due to the passage of time since the Plaintiffs were exposed to asbestos, the Plaintiffs

have been unable to ascertain the identities of all manufacturers, suppliers, distributors, and installers of asbestos-containing products to which they were exposed and hereby re-assert each of the foregoing allegations against the Defendants.

WHEREFORE, the Plaintiffs each demand judgment against the Defendants for both compensatory damages in the amount of Five Million ($5,000,000.00) Dollars and punitive damages in the amount of Fifty Million ($50,000.000.00) Dollars.

Respectfully submitted,

LEE P. ABRAMS, et al

By: _____

LARRY O. NORRIS, MSB# 3883
Attorney for Plaintiffs

NORRIS & PHELPS, PLLC
PO BOX 8
HATTIESBURG, MS 39403-008
601-545-2011  TELEPHONE
601-584-6634 TELECOPIER

10